28194.   COOK *v.* SOUTHERN RAILWAY COMPANY.

DECIDED MAY 20, 1940.

*Benjamin B. Garland*, for plaintiff.

*Harris, Harris, Russell & Weaver, C. L. Redman, H. M. Fletcher*, for defendant.

FELTON, J.   In this suit for damages against the railway com-

pany, the plaintiff alleged wanton and wilful homicide of his son by the defendant's train about .1:30 a. m. The uncontradicted evidence of the engineer was that he did not ascertain that the object on the track was a man until he was within 150 feet of him, and that he immediately began blowing the whistle, shutting off steam, putting on brakes, and doing all in his power to stop the train. Under this evidence the fact that the deceased might have fainted would not alter the situation, because the engineer began taking precautions immediately on seeing the person on the track. This person was a trespasser, and there was no evidence that he was in a path which the railroad servants knew that people customarily used. The only duty the defendant owed to him was not to wantonly or wilfully injure him after his presence was discovered. There being no evidence to show he was in such a path, the defendant owed him no duty to anticipate his presence. It would make no difference that the train was being run so fast that it could not possibly have been stopped in time to avoid injuring a trespasser, because the defendant was not required to anticipate trespassers in deceased's situation as against the charge of wilful and wanton conduct. Neither would the fact that the visibility was so bad from rain and fog that the train crew could see only about 200 feet ahead. In this view the alleged errors in the charge of the court, if erroneous, were harmless.

It was not harmful error to disallow an amendment as a second count, which alleged wilful and wanton conduct, when the plaintiff introduced evidence in support of practically every allegation in the disallowed amendment, all of which was admissible under the allegations of the original count. The evidence demanded the verdict for the defendant. The alleged errors in the disallowance of the amendment and the charge to the jury were harmless. It was not error to overrule the motion for new trial.

Judgment affirmed. Sutton, J., concurs.

Stephens, P. J. I concur specially in the judgment of affirmance. I am not prepared to hold that the evidence demanded the verdict for the defendant, and that therefore any errors in the charge to the jury were immaterial. There do not appear to be any errors in the charge excepted to, and the verdict for the defendant was authorized.